United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC
2005 OCT -6  A 11: 12

| | |
|---|---|
| Willie Jones, # 89846-071; | ) C/A No. 2:05-2736-PMD-RSC |
| Plaintiff; | ) |
| vs. | ) **Report and Recommendation** |
| Mathew B. Hamidullah, Warden; and Henry Dargan McMaster, Attorney General for the State of South Carolina; | ) |
| Defendants. | ) |

The Petitioner, Willie Jones (hereafter, the "Petitioner"), is a federal prisoner, proceeding *pro se,* who attacks a prior state conviction under Title 28 United States Code Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at the Estill Federal Correctional Institution (FCI-Estill) in Estill, South Carolina. In United States v. Willie James Jones, 0:93-cr-0285-JFA (D.S.C. 1993), *aff'd* 114 F. 3d 1178 (4th Cir. 1997), he entered guilty pleas to narcotics trafficking charges. The Honorable Joseph R. Anderson, Jr., Chief Judge of the United States District for South Carolina, sentenced him as an armed career offender based upon prior state court convictions. Petitioner unsuccessfully sought relief from that conviction with a § 2255 motion. See United States v.

1

Willie James Jones, 0:00-1253-JFA (D.S.C. 2000), *aff'd* 232 F. 3d 891 (4th Cir. 2000).

Petitioner now seeks § 2254 relief from a 1975 state court conviction after jury trial before the York County Court of General Sessions on charges of firearms violation and armed robbery. He lost his appeal to the S.C. Supreme Court in 1980, according to his current petition. One August 17, 2001, Petitioner evidently filed a Post-Conviction Relief (PCR) application in the York County Court of Common Pleas. See Jones v. State, 2001-CP-46-1818 (S.C. 1980). It was dismissed by the PCR court in September or October 2003, with *certiorari* review denied by the S.C. Supreme Court on August 16, 2004. Petitioner does not account for the twenty years that passed between 1980 and 2001. Under Houston v. Lack, 487 U.S. 266 (1988), Petitioner commenced this action on September 17, 2005, over a year after final dismissal of his PCR application and thirty years after his original state court convictions. Petitioner alleges that he was the subject of malicious prosecution, suffered prosecutorial misconduct, was unlawfully arrested and oppressed by local officials. Finally, he claims that he was denied effective assistance of counsel. It is assumed that this final claim includes failure to oppose the various wrongs earlier alleged.

## *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can

2

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## § 2254 PETITION IS TIME-BARRED

The petition is untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. §2244(d). The AEDPA took effect as a statute of limitations for federal *habeas corpus* relief on April 24, 1996:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A one year "grace period" from the AEDPA effective date has been judicially recognized for petitioners whose convictions became final prior thereto. Crawley v. Catoe, 257 F. 3d 395 (4th Cir. 2001); Spencer v. Sutton, 239 F. 3d 626 (4th Cir. 2001); Hernandez v. Caldwell, 225 F. 3d 435 (4th Cir. 2000); Harris v. Hutchinson, 209 F. 3d 325 (4th Cir. 2000); Brown v. Angelone,

3

150 F. 3d 370 (4th Cir. 1998). Under the AEDPA, and these court decisions, therefore, Petitioner could have sought *habeas corpus* relief in this Court at any time before April 24, 1997. He did not.

The United States Supreme Court and decisions of the Fourth Circuit have treated this statute of limitations as being subject to equitable tolling. Lindh v. Murphy, 521 U.S. 320 (1997). The United States Court of Appeals for the Fourth Circuit has mandated extra caution in *sua sponte* dismissals of untimely petitions under AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F3d 244, 249 (4th Cir. 2003); Hill v. Braxton, 277 F3d 701 (4th Cir. 2002).

In December, 2004, the Administrative Office of the United States Judicial Conference revised the prescribed *habeas corpus* petition, known as the AO-241 form, to notify applicants that AEDPA establishes a one-year statute of limitations and to invite explanations for any delay. The petitioner has declined to explain why he allowed more than four years to pass between April, 1997, and August, 2001, the filing of his first PCR application. Moreover, he has allowed yet another year to pass since the dismissal of his Petition for Writ of Certiorari to the South Carolina Supreme Court in August, 2004. The undersigned concludes that this action should be dismissed as time-barred.

## "CUSTODY" – A THRESH HOLD REQUIEMENT

For this Court to have jurisdiction to grant a writ of *habeas corpus*, a petitioner must be

"in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In Maleng v. Cook, 490 U.S. 488, 490-91 (1989), the United States Supreme Court held that this language "required" that the *habeas* petitioner be "in custody under the conviction or sentence under attack at the time his petition is filed." The court left open the issue of the extent to which a prior expired conviction itself may be subject to challenge in attack upon a current sentence which it was used to enhance. Id. at 494. That issue was addressed in Daniels v. United States, 532 U.S. 374, 382 (2001) where the court held:

> If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully) then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255.

In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Daniels rationale was extended to state prisoners seeking under § 2254 to collaterally attack expired convictions which had enhanced later state sentences. A narrow exception is recognized in cases of a trial court failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), a trial court refusal to address a defendant's constitutional claim, or the *habeas* petitioner's actual innocence. None of these exceptions apply to the present petition.

The South Carolina Department of Corrections (SCDC) provides inmate information to such legal research services as WESTLAW and LEXIS. The records reveal that Petitioner has been released from his South Carolina sentences. As noted above, he is presently in the custody of the Federal Bureau of Prisons (FBOP) under his conviction in this Court. Therefore, the undersigned concludes that the Petitioner is not "in custody" based on his 1975 conviction. This court is without jurisdiction to entertain his petition.

5

## **RECOMMENDATION**

It is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file an answer. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

The petitioner's attention is directed to the notice on the next page.

Robert S. Carr
United States Magistrate Judge

October 6, 2005
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 835**
**Charleston, South Carolina 29402**
