IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Willie Jones, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 2:05-2736-PMD-RSC |
| ) | |
| Matthew B. Hamidullah, Warden; and ) | **ORDER** |
| Henry Dargan McMaster, Attorney General ) | |
| for the State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon the Magistrate Judge's recommendation that Petitioner's motion for a writ of habeas corpus be dismissed without prejudice and without requiring respondents to file an answer. The record contains a Report and Recommendation of a United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to the R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Jones timely filed objections to the R&R.

## **BACKGROUND**

Plaintiff Willie Jones ("Jones") is a federal prisoner incarcerated at the Estill Federal Correctional Institute (FCI-Estill) in Estill, South Carolina. In *United States v. Willie James Jones*, 0:93-cr-0285-JFA (D.S.C. 1993), *aff'd* 114 F.3d 1178 (4th Cir. 1997), Jones pleaded guilty to narcotics trafficking charges and received a sentence as an armed career offender based on prior state court convictions. Jones sought relief from that conviction with an unsuccessful § 2255 motion. *See United States v. Willie James Jones*, 0:00-1253-JFA (D.S.C. 2000), *aff'd* 232 F.3d 891 (4th Cir. 2000). Jones proceeds *pro se* in this petition, seeking relief from a 1975 state court

conviction.[1]

In 1975, Jones was convicted of a firearms violation and armed robbery after a jury trial in the York County Court of General Sessions. Jones lost his appeal to the South Carolina Supreme Court in 1980. *See Jones v. State*, 2001-CP-46-1818 (1980). On August 17, 2001, he filed a post-conviction relief ("PCR") application in the York County Court of Common Pleas. In September of 2003, the court dismissed this PCR application, and the South Carolina Supreme Court denied certiorari on August 16, 2004. On September 17, 2005, more than one year after dismissal of his PCR application and 30 years after the original state court conviction, Jones commenced this action. Specifically, Jones attacks his 1975 conviction on grounds of malicious prosecution, prosecutorial misconduct, unlawful arrest, lack of jurisdiction, and ineffective assistance of counsel.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendation contained in the R&R. 28 U.S.C. § 636 (b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts at issue. Accordingly, the court adopts the R&R to the extent it is consistent with this Order.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the

---

[1] As a threshold matter, Jones is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978).

2

judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The statute also provides for tolling of the statute of limitations during the pendency of PCR and collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

The AEDPA's statute of limitations took effect on April 24, 1996. The Fourth Circuit has recognized a one year "grace period" from the effective date of the AEDPA for petitioners whose convictions became final prior to April 24, 1996. *See Crawley v. Catoe*, 257 F.3d 395 (4th Cir. 2001) ("[I]n the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition.") (citing *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998)). Thus, Jones could have filed a habeus corpus petition any time before April 24, 1997. However, he did not. Furthermore, between April of 1997 and the commencement of Jones's first PCR application on August 17, 2001, nearly four years passed.

In December of 2004, the Administrative Office of the United States Judicial Conference

revised the *habeus corpus* petition, known as the AO-241 form, to notify petitioners of the AEDPA's statute of limitations. Question 18 of the form provides: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 24 U.S.C. § 2244(d) does not bar your petition." The form also includes the pertinent statutory language from 24 U.S.C. § 2244(d). However, in response to this question, Jones stated only, "Counsels [sic] in all stages ineffective / 'See records of state.'" Thus, Jones failed to explain why he allowed more than four years to pass from April of 1997 to August of 2001. Moreover, Jones allowed one more year to pass since the Supreme Court denied certiorari on his PCR application on August 16, 2004. Additionally, Jones has not provided the court with any grounds to support equitable tolling. Thus, although the Fourth Circuit has mandated extra caution in *sua sponte* dismissals of untimely petitions,[2] the court concludes that Jones has received sufficient notice and opportunity to explain his delay in filing; because Jones has not provided any valid reason to explain his delay or to justify equitable tolling, the court must dismiss his petition.

Furthermore, in his objections to the R&R, Jones makes no attempt to explain his delay in filing other than to assert that "[t]he time-bar issue is not even an issue that is evedent [sic] before this court, whereas that issue should have been brought up by the government when it was appropriate, and not as a tactic to be used in the vicious or malicious intent to have the petitioner's

---

[2] In *McMillan v. Jarvis*, the Fourth Circuit Court of Appeals stated:

> [W]hen a federal habeus court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be untimely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

332 F.3d 244, 249 (4th Cir. 2003).

motion denied." (Obj. at 3.) This objection is without merit. Moreover, Jones's objections on the whole are without merit in that they merely rehash his general arguments and do not direct the court's attention to any specific portion of the R&R. *See*, *e.g.*, *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982) (stating that *de novo* review of objections is unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's report) (citations omitted); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992) (stating that the court need not consider objections which are frivolous, conclusory, or general and constitute a rehashing of the same arguments and positions taken in original pleadings). In light of the aforementioned, the court concludes that Jones's petition is time-barred pursuant to the AEDPA.

## **CONCLUSION**

It is therefore, **ORDERED**, for the foregoing reasons, that Jones's petition for a writ of habeus corpus is **DISMISSED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 5, 2005**

5